UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cr-20326-KMM

**UNITED STATES OF AMERICA**
            **Plaintiff,**
**vs.**

**ANDRE LORQUET,**
            **Defendant.**
_____/

## DEFENDANT'S MOTION TO WITHDRAW PLEA

The Defendant, Andre Lorquet, by and through undersigned counsel, files this Motion to Withdraw Plea, and in support states the following:

1. On January 24, 2023, Mr. Lorquet plead guilty to Count 7 of the Indictment, which charges the defendant with Money Laundering, in violation of Title 18, United States Code, §1957; and Count 9 of the Indictment, which charges the defendant with Aggravated Identity Theft, in violation of Title 18, United States Code, §1028A(a)(1).

2. The Government has agreed to dismiss Counts 1 through 6 and Count 8.

3. Since pleading guilty, Mr. Lorquet has decided that he wished to withdraw his plea of guilty.

4. Mr. Lorquet states that he plead guilty because he was under duress, that he did not understand he was signing a plea agreement and believed that he was signing paperwork related to the reinstatement of his bond.  It should be noted that the undersigned reviewed the plea agreement with Mr. Lorquet in detail.

5. Mr. Lorquet's reasons for wishing to withdraw his plea are directly related to challenging the undersigned's effectiveness of representation.

6. As such, the undersigned is filing this motion on behalf of Mr. Loquet and filing a separate Motion to Withdraw as Counsel due to ethical considerations.

7. Pursuant to Local Rule 88.9, undersigned counsel contacted AUSA Jonathan Bailyn, who objects to the motion to withdraw plea.

## MEMORANDUM OF LAW

In *United States v. Brehm*, 442 F. 3d 1291 (11th Cir. 2006) the court held:

> After the district court has accepted a plea and before sentencing, a defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R.Crim.P. 11(d)(2)(B). **In determining whether the defendant has met his burden to show a "fair and just reason," a district court "may consider the totality of the circumstances surrounding the plea**." *United States v. Buckles,* 843 F.2d 469, 471-72 (11th Cir.1988). In the course of this inquiry, we consider "(1) whether **close assistance of counsel** was available; (2) whether the plea was knowing and **voluntary**; (3) whether judicial resources would be conserved; and (4) **whether the government would be prejudiced** if the defendant were allowed to withdraw his plea." *Id.* at 472 (citations omitted). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." *Id.* Additionally, "[t]he longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Id.* at 473. *Brehm* at 1298.

This Circuit has held that "[T]his **permissive withdrawal rule** is to be **liberally construed**, but, pursuant to it, there is no absolute right to withdraw a guilty plea." *United States v. Buckles,* 843 F.2d 469, 471 (11th Cir. 1988)." See *United States v. Villanova*, No. 12-12880 (11th Cir. 2013).

WHEREFORE, the Defendant, respectfully requests this Honorable Court set aside the guilty plea and return his case to the trial calendar.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on March 13, 2023, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

Respectfully submitted,

BOZANIC LAW, P.A.
2847 Hollywood Blvd.
Hollywood, FL 33020
Telephone:    954.920.9750
Facsimile:     954.400.0335
E-Mail: Zeljka@bozaniclaw.com


            /s/*Zeljka Bozanic*
By:_____
       Zeljka Bozanic
       Florida Bar No.  23707