UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cr-20326-KMM

UNITED STATES OF AMERICA

v.

ANDRE LORQUET,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court on Defendant Andre Lorquet's ("Lorquet") Motion to Withdraw Plea (ECF No. 55). The Government did not file a response, and the time to do so has passed. The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or to submit a Report and Recommendation on Defendant's Motion to Withdraw Plea. (ECF No. 62). Upon consideration of the Motion, Response, Reply, a review of the record, and being otherwise fully advised in the premises, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Withdraw Plea be **GRANTED**.

**I.    DISCUSSION**

On July 22, 2022, Defendant was charged by Indictment with four counts of wire fraud, in violation of 18 U.S.C. § 1343; three counts of money laundering, in violation of 18 U.S.C. § 1957; and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

On January 24, 2023, the undersigned held a hearing on Defendant's acceptance of a guilty plea. At the hearing, Defendant pled guilty to Count 7 of the Indictment, which charges Defendant with money laundering, in violation of 18 U.S.C. §1957; and Count 9 of the Indictment, which charges

Defendant with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

A criminal defendant may withdraw a guilty plea after the Court accepts it but before it imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Williams*, 803 F. App'x 379, 380 (11th Cir. 2020). "A pre-sentence motion to withdraw is to be liberally construed," although there is no absolute right to withdrawal. *United States v. Cesal*, 391 F.3d 1172, 1179 (11th Cir. 2004), *vacated on other grounds by Cesal v. United States*, 545 U.S. 1101 (2005) (quoting *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988)).

In deciding a pre-sentence motion to withdraw guilty plea, the Court considers the "totality of the circumstances surrounding the plea," including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Chicago*, 711 F. App'x 512, 515 (11th Cir. 2017); *see also Buckles*, 843 F.2d at 471–72. "The defendant carries the burden to show a fair and just reason for withdrawal of his plea." *United States v. Midkiff*, 806 F. App'x 678, 680 (11th Cir. 2020).

Defendant's reasons for wishing to withdraw his plea are directly related to challenging the effectiveness of the representation of his then-attorney, Zeljka Bozanic. Notwithstanding Defendant's answers during the January 24, 2023 plea colloquy that he was satisfied with his then-counsel's representation, (ECF No. 63 at 29:16–18), in the present Motion Defendant asserts otherwise. Defendant represents that "he plead guilty because he was under duress, that he did not understand he was signing a plea agreement and believed that he was signing paperwork related to the reinstatement of his bond." (ECF No. 55 at ¶ 4). Though Defense counsel represents in the Motion that she reviewed the plea agreement with Defendant, Defendant now asserts that his plea

was not given knowingly or voluntarily. The Government did not respond in opposition. As such, Defendant's averments are uncontroverted. The Court is satisfied the first two prongs favor Defendant being allowed to withdraw his guilty plea.

Regarding judicial resources, the Court's resources will not be conserved by continuing with sentencing; the case could be revisited on a post-conviction motion under 28 U.S.C. § 2255 requiring the Court's attention and time were the present Motion denied.

Finally, with regard to prejudice, though the Motion represents that it is opposed by the Government, no opposition has been filed and no prejudice articulated. This factor weighs in favor of granting the Motion. On this record, the Court concludes Defendant has met his burden to be entitled to withdraw his guilty plea.

## II. RECOMMENDATION

Accordingly, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Withdraw Plea (ECF No. 55) be **GRANTED**.

The parties will have **FOURTEEN (14) DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 9th day of June, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE