UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20326-CR-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRE LORQUET

    Defendant.

_____/

## MOTION TO WITHDRAW GUILTY PLEA

Defendant, Andre Lorquet, moves to withdraw his guilty plea.

### FACTS

On November 22, 2023, Mr. Lorquet was arrested and appeared before the duty Magistrate Judge. ECF 7 (minute order on Mr. Lorquet's initial appearance).

While the case was pending, Mr. Lorquet's lawyer discussed with him that the government had conveyed a plea offer. Mr. Lorquet avers that he told her that he did not wish to plead guilty, especially if the plea offer or proposed plea agreement required him to plead guilty to count nine (9) of the indictment which charged him with aggravated identity theft in violation of 18 U.S.C. § 1023A.

On or about January 11, 2023, Mr. Lorquet was arrested on a bond violation and appeared before a Magistrate Judge, who told him that the District Judge had ordered no bond and that any further proceedings relating to the alleged bond

violation would be held before the District Judge. ECF 40 (minute order in "initial appearance re bond revocation").

At some point shortly thereafter, Mr. Lorquet's lawyer again met with Mr. Lorquet (this time at FDC) to again discuss a guilty plea. Again, Mr. Lorquet told her that he would not accept the government's plea offer, especially if it required him to plead guilty to the aggravated identity theft offense charged in count nine (9) of the indictment.

On January 20, 2023, a change of plea hearing was scheduled for January 23, 2023. ECF 42 (paperless order setting change if plea). On January 24, 2023, the Marshals brought Mr. Lorquet to Magistrate Judge Louis' courtroom for a change of plea. Mr. Lorquet, however, was unaware that a plea hearing had been scheduled for that day and was under the impression that the hearing related to the bond revocation that he was told on January 11, 2023 would be heard by District Judge. His lawyer became upset when he stated that he did not wish to plead guilty, and he started talking to her about a bond related hearing. According to Mr. Lorquet, she insisted and pressured him to plead guilty. Mr. Lorquet felt corned and that he had no choice, especially when considering that he felt that his lawyer would not defend him at trial. So, under pressure from his lawyer and believing that his lawyer would not defend him at trial Mr. Lorquet went through the plea hearing.

## MEMORANDUM OF LAW

"A criminal defendant may withdraw a guilty plea after the Court accepts it but before it imposes a sentence if 'the defendant can show a fair and just reason

for requesting the withdrawal.'" ECF 67 (Magistrate Judge Louis' Report and Recommendation that Motion to Withdraw be Granted) (Quoting Fed. R. Crim. P. 11(d)(2)(B)); *see also id. (*Citing *United States v. Williams*, 803 F. App'x 379, 380 (11th Cir. 2020)). "'A pre-sentence motion to withdraw is to be liberally construed,' although there is no absolute right to withdrawal." *Id*. at 2 (Quoting *United States v. Cesal*, 391 F.3d 1172, 1179 (11th Cir. 2004), *vacated on other grounds by Cesal v. United States*, 545 U.S. 1101 (2005) (quoting *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988))).

In deciding whether to grant a pre-sentence motion to withdraw a guilty plea, courts consider the 'totality of the circumstances surrounding the plea,' including (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* (Quoting *United States v. Chicago*, 711 F. App'x 512, 515 (11th Cir. 2017)); *see also id.* (Citing *Buckles*, 843 F.2d at 471–72.). "The defendant carries the burden to show a fair and just reason for withdrawal of his plea." *Id*. (Quoting *United States v. Midkiff*, 806 F. App'x 678, 680 (11th Cir. 2020)).

Here, the factors cited above weigh in favor of vacating Mr. Lorquet's guilty plea. To start, it cannot be said in any meaningful sense that Mr. Lorquet had the close assistance of counsel. While he was represented by counsel, the relationship between counsel and client was severed. According to Mr. Lorquet, despite having at least twice told his counsel that he did not wish to plead guilty, especially if it

meant that he would have to plead guilty to count (9) of the indictment, she nevertheless scheduled a change of plea hearing for July 24, 2023 without Mr. Lorquet knowing. When he arrived in courtroom on July 24, 2023, he avers that his lawyer became upset when he stated that he did not wish to plead guilty and expressed that thought that he was in court for a hearing relating to his bond revocation. And he avers that she pressured him to go through the guilty plea. Mr. Lorquet felt cornered and went forward with the plea hearing thinking that his lawyer would not defend him at trial and that he had no choice but to plead guilty. As such, not only was he without the *close* assistance of counsel, but he did not act voluntarily in pleading guilty.

Indeed, in pressing him Mr. Lorquet to plead guilty even though Mr. Lorquet had expressed to her that he rejected the government's plea offer and would rather try the case, his counsel was ineffective, rendering Mr. Lorquet's guilty plea unknowing and involuntary. *See McCoy v. v. Wainright*, 804 F.2d 1196, 1198 (11th Cir. 1986) (Explaining that a guilty plea is not knowing and voluntary if the defendant did not receive "reasonably effective assistance of counsel in connection with [his] decision to plead guilty."). Pressuring a client to plead when the client has repeatedly communicated to counsel that he does *not* wish to plead guilty is not effective assistance of counsel. And the prejudice is obvious -  the defendant would not have pled guilty and proceeded to trial but for his lawyer's infectiveness in refusing to defend him and cornering him into pleading guilty. In sum, there was no close representation of counsel and Mr. Lorquet's guilty plea was not voluntary.

Whether judicial resources would be conserved is the next factor. When considered in the context of the many cases brought before the Court in comparison to the relative few that are tried, the additional judicial resources to be expended if the Court permits the withdrawal of Mr. Lorquet's guilty plea would be measured and modest. Indeed, at one point when Mr. Lorquet mentioned his motion to withdraw his guilty plea (which he had withdrawn) during his sentencing hearing, the Court indicated that it could preside over a trial in Mr. Lorquet's case.

Finally, there is little or no prejudice against the government in granting withdrawal of Mr. Lorquet's guilty plea. In its objection to the Report and Recommendation to Grant Mr. Lorquet's earlier motion withdraw his guilty plea, the government's argument that the accountant, who is the alleged identity theft victim, would rather forego restitution than "endure this case" shows prejudice to the government is meritless. The alleged use of the accountant's identity did not involve a theft from her. While it may have inconvenienced her to address this matter with law enforcement, such inconvenience cannot serve as basis to find prejudice to the government in having to try a case. It would open the door to accepting the refusal to testify, or the preference of all sorts of alleged victims and witnesses to not testify, as basis for avoiding trial. Trials are inconvenient. But due process, the right to competent counsel, and the right to a trial, which are sacrosanct, are, by definition, inconvenient to law enforcement, prosecutors, and witnesses.

Further, any limited resources argument from the government would be weak. The government has *vast* resources which far exceed the defendant and his lawyer's resources and, ostensibly, it marshalled the evidence it needed when it indicted Mr. Lorquet.

## CONCLUSION

For the above stated reasons, Mr. Lorquet respectfully requests that the Court grant his motion to withdraw his guilty plea.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on September 18, 2023, a true and correct copy of the foregoing has been furnished electronically via CMCEF to all counsel of record.

Respectfully submitted,

**BELL ROSQUETE REYES ESTEBAN, PLLC**
Henry P. Bell
Fla. Bar No. 090689
999 Ponce De Leon Blvd.
Suite 810
Coral Gables, Florida 33134
Telephone:   (305) 570-1610
Facsimile:   (305) 570-1599
Email:         hbell@bresq.com
*Counsel to Andre Lorquet*

By: ___s/Henry P. Bell_____
        Henry P. Bel

CC: Andre Lorquet – FDC Miami